# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER CLEVELAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-13-1281-F |
| | ) |
| TOMMY SHARP, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On July 28, 2016, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation, recommending that petitioner, Christopher Cleveland's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction in Case No. CF-2009-605, District Court of Oklahoma County, State of Oklahoma, be denied.

Petitioner has objected to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter, and having done so, the court concurs with the analysis of Magistrate Judge Jones with respect to petitioner's alleged grounds of habeas corpus relief. The court finds petitioner's objections to be without merit. Petitioner's request for an evidentiary hearing is denied as such hearing is not warranted. Petitioner's alleged grounds for habeas relief are resolvable on the basis of the existing record. Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010). The court accepts, adopts and affirms the Report and Recommendation in its entirety.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to petitioner. A petitioner is entitled to a certificate of

appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues petitioner seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a petitioner's habeas petition is denied on procedural grounds without reaching the merits of the petitioner's claims, "a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner has not made the requisite showing. The court therefore concludes that a certificate of appealability should be denied.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Bernard M. Jones on July 28, 2016 is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. A certificate of appealability is **DENIED**.

DATED September 8, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-1281p002.wpd